1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE P. PACHECO,

Plaintiff,

v.

LAWRENCE GAMBOA, et al.,

Defendants.

Case No.  15-cv-00987-JCS (PR)

**ORDER SETTING BRIEFING SCHEDULE**

Dkt. Nos. 19 and 31

This is a federal civil rights action.  This order addresses two matters:  issues related to an unserved defendant and the briefing schedule.

One defendant, Mark Allsyer, remains unserved, the summons having been returned as unexecuted.  The Court asked plaintiff to provide a current address for Allsyer, but he has been unable to do so and asks for an extension of time.

The claims against Allsyer are DISMISSED without prejudice and he is TERMINATED as a defendant in this action.  When plaintiff finds a current address for Allsyer, he can file for leave to file an amended complaint that includes Allsyer, or file a new civil rights action.  The motion for an extension of time (Docket No. 31) is DENIED as moot.  Plaintiff's motion for summary judgment (Docket No. 19) is DENIED as premature.  He may renew this motion after the parties have completed discovery.

The Court sets the following briefing schedule.  Defendants, who all have consented to magistrate judge jurisdiction (Docket No. 24), shall file a dispositive motion, or notice regarding such motion, on or before February 25, 2016.  The Court further directs that the

United States District Court
Northern District of California

parties are to adhere to the following instructions:

1.      If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

2.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

4.      Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

5.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1   9.      Extensions of time must be filed no later than the deadline sought to be

2   extended and must be accompanied by a showing of good cause.

3   10.     A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs

4   be given "notice of what is required of them in order to oppose" summary judgment

5   motions at the time of filing of the motions, rather than when the court orders service of

6   process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939–41

7   (9th Cir. 2012).  Defendants shall provide the following notice to plaintiff when they file

8   and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they
> seek to have your case dismissed.  A motion for summary judgment under
> Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
> case.
>
> Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment.  Generally, summary judgment must be granted when
> there is no genuine issue of material fact — that is, if there is no real
> dispute about any fact that would affect the result of your case, the party
> who asked for summary judgment is entitled to judgment as a matter of
> law, which will end your case.  When a party you are suing makes a motion
> for summary judgment that is properly supported by declarations (or other
> sworn testimony), you cannot simply rely on what your complaint says.
> Instead, you must set out specific facts in declarations, depositions, answers
> to interrogatories, or authenticated documents, as provided in Rule 56(e),
> that contradict the facts shown in the defendants' declarations and
> documents and show that there is a genuine issue of material fact for trial.
> If you do not submit your own evidence in opposition, summary judgment,
> if appropriate, may be entered against you.  If summary judgment is
> granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:  November 23, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE P. PACHECO,

          Plaintiff,

      v.

LAWRENCE GAMBOA, et al.,

          Defendants.

Case No.  15-cv-00987-JCS

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

      That on November 23, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steve P. Pacheco ID: AG 8695
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: November 23, 2015

Susan Y. Soong
Clerk, United States District Court

By:_____
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO

4